**Order entered November 2, 2021**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00657-CV

**FELIX SORKIN, INDIVIDUALLY, GENERAL TECHNOLOGIES, INC., AND PRECISION-HAYES INTERNATIONAL, INC., Appellants**

**V.**

**P.T. ATLAS MANUFACTURING, L.L.C., Appellee**

**On Appeal from the 298th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-20-17416**

### ORDER

This is an accelerated appeal from the denial by operation of law of appellants' motion to dismiss under the Texas Citizens' Participation Act ("TCPA"). Appellants and appellee have filed their briefs.

Before the Court is appellee's October 29, 2021 unopposed motion to allow *in camera* submission of a settlement agreement attached as an exhibit to appellee's response to appellants' TCPA motion. Appellee explains the

agreement, which "contains a confidential provision," was submitted *in camera* to the trial court and supports arguments in appellee's brief.

We note that hand-delivering to the Court a copy of a document submitted to the trial court in camera "is not a viable way to add [it] to the appellate record." *Fallon v. M.D. Anderson Physicians Network*, No. 01-18-00813-CV, 2019 WL 4019687, at *3 (Tex. App.—Houston [1st Dist.] Aug. 27, 2019, no pet.) (mem. op.). We further note that nothing in the record before us reflects the exhibit was sealed in the trial court in accordance with Texas Rule of Civil Procedure 76a or that access to the exhibit is otherwise restricted by law. *See* TEX. R. CIV. P. 76a (setting forth requirements for sealing court records and defining court records for purposes of the rule). Accordingly, we **DENY** the motion without prejudice to appellee demonstrating that access to the exhibit is restricted by law or obtaining a sealing order from the trial court that complies with the requirements set forth in rule 76a and having the exhibit along with a copy of the sealing order included in a supplemental clerk's record. *See id.*; TEX. R. APP. P. 34.5(c)(1),(e). Alternatively, appellee may have filed a supplemental clerk's record containing a copy of a redacted version of the exhibit. *See* TEX. R. APP. P. 34.5(c)(1),(e).

/s/    KEN MOLBERG
        JUSTICE